# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES T. HARP,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:12-cv-00621-RDP** |
| | } | |
| **UAB HOSPITAL, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it the United States' Motion to Dismiss the United States as Party-Defendant and to Remand Remaining Claims and Parties to State Court (Doc. #3), filed on February 23, 2012. Plaintiff filed his response (Doc. #7) on March 1, 2012, and Defendant filed its reply (Doc. #8) on March 5, 2012. Having considered the briefs and evidentiary submissions, the court finds that Defendant's Motion to Dismiss (Doc. #3) is due to be granted for the reasons set out below.

## I.    BACKGROUND

On January 24, 2012, Plaintiff filed a complaint against University of Alabama-Birmingham ("UAB") Hospital, University of Alabama Health Services Foundation, and the Department of Veterans Affairs ("VA") in the Circuit Court of Jefferson County, Alabama (Doc. #1 at 8).[1] In his complaint, Plaintiff alleged that Defendant VA proximately caused injuries to Plaintiff's femoral artery and nerves during treatment at the Birmingham VA Medical Center, and that the VA was liable under the Federal Tort Claims Act ("FTCA"). (Doc. #1 at 16). On February 23, 2012, the VA

---

[1] UAB Health System was also named as a defendant in the complaint but on March 13, 2012, the court dismissed it from this action based on Plaintiff's stipulation to dismiss it as a defendant. (Doc. #10).

removed the case to this court and moved to substitute the United States as Defendant.  (Doc. #2).

This court granted Defendant VA's motion to substitute the United States for the VA on June 27,

2012.[2]  (Doc. #5).

Also on February 23, 2012, Defendant United States (as substituted party for the VA) filed

a motion to dismiss as a party-defendant pursuant to Rule 12(b)(1) of the Federal Rules of Civil

Procedure ("FRCP"), claiming that the court lacks subject matter jurisdiction.  Defendant argues that

Plaintiff failed to exhaust the  administrative remedies required before an individual may bring suit

under the FTCA.[3]  (Doc. #3 at 1).  Specifically, Defendant asserts that Plaintiff did not satisfy the

administrative claim requirement of 28 U.S.C. § 2675(a), because he did not file an administrative

claim with the VA prior to filing the case at bar.  (Doc. #3 at 4).  As a result, Defendant argues, this

court lacks subject-matter jurisdiction over the FTCA claim and should dismiss the United States

as a party-defendant and remand the remaining claims.[4]  (*Id.* at 2, 5).

Defendant has attached to its motion the Declaration of Sonya Cromwell, VA Regional

Counsel for Alabama and Mississippi  (*Id.* at 7-8).  Cromwell's office, the Office of Regional

Counsel ("ORC"), has jurisdiction to receive and investigate administrative claims against the United

States under the FTCA for money damages for injury or loss of property, or for personal injury or

death, caused by the negligent or wrongful act or omission of VA employees while acting within the

---

[2] A federal agency cannot be sued in its own name, and suing the United States under the FTCA is the exclusive avenue for asserting a tort claim against a federal agency.  *See* 28 U.S.C. § 2679(a).

[3] Defendant also argues, without any support, that Plaintiff failed to serve process in accordance with Rule 4. (Doc. #3 at 4-5). Defendant does not address the Rule 4 claim in its reply. (*See* Doc. #8). The court finds adequate basis for dismissal in Defendant's 12(b)(1) motion.  Therefore, it is not necessary for the court to address Defendant's Rule 4 claim.

[4] Plaintiff's claims against the remaining Defendants include the following:  negligence; wantonness; and negligent hiring, training, supervision and retention.  These are state law claims and their assertion here does not invoke federal question jurisdiction.

scope of their office of employment in Alabama and Mississippi.  (*Id.*).  Cromwell declares that she

has searched the files and records of the ORC  and found no claim form filed by Plaintiff relating

to the leg and nerve injuries described in the complaint.  (*Id.* at 8).

Plaintiff, in his response, asserts that he *did* in fact file a Claim for Damage, Injury or Death,

Standard Form 95 ("SF 95") with the Birmingham VA prior to filing suit.  (Doc. #7 at 1-2).  Plaintiff

has attached to his reply two copies of what appear to be the same receipt, which Plaintiff apparently

believes support his assertion that he filed an administrative claim before he filed his complaint with

the Circuit Court of Jefferson County.  All the receipt really shows is that the Birmingham VA

received a piece of certified mail on January 26, 2012, two days after Plaintiff filed his initial

complaint.

Defendant replies that, even assuming arguendo that Plaintiff filed an administrative claim

with the Birmingham VA prior to filing suit in court, the fact that Plaintiff did not allow six months

to pass between filing his claim with the VA and suing in court deprives this court of subject-matter

jurisdiction.  (Doc. #8 at 3).  Defendant further asserts that, assuming Plaintiff filed an SF 95 with

the VA on January 26, 2012, he was required to wait until July 26, 2012, before filing suit against

the United States.  (*See id.*).  Defendant further claims that a district court may not "hold a premature

FTCA claim in abeyance until the six-month . . . period has passed."  (Doc. #8 at 5).  The only

appropriate action, says Defendant, is dismissal.  (*See id.*).

## II.    STANDARD OF REVIEW

Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the FRCP can exist in two

substantially different forms: facial attacks and factual attacks.  *Sinaltrainal v. Coca-Cola Co.*, 578

F.3d 1252, 1260 (11th Cir. 2009).  When presented with a facial attack on the complaint, the court

determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Id.* The court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.*

To the contrary, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). When a court is confronted with a factual attack, the standard of review diverges considerably:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981)).

## III.   ANALYSIS

### A.   The Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claim Under the FTCA.

"The United States, as sovereign, is immune from suit save it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA acts as a limited waiver to the United States' sovereign immunity and that waiver must be strictly construed. *Phillips v. United States*, 260 F.3d 1316, 1318 (11th Cir. 2001); *see Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). Plaintiff has invoked the cause of action granted by the FTCA in his claim against the United States. In order for this court to possess subject-matter jurisdiction over Plaintiff's claim

against the United States, Plaintiff must meet the FTCA's prerequisites to maintaining a suit against the government. *See Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). Subject-matter jurisdiction cannot be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002).

Here, the court is faced with a factual attack on its subject-matter jurisdiction. As such, it is authorized to examine the merits of the jurisdictional claims, and will do so in order to determine whether Plaintiff fulfilled the administrative requirements of the FTCA.

Title 28 U.S.C. § 2675 states in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant anytime thereafter, be deemed a final denial of the claim for purposes of this action.

In other words, a claimant suing the United States under the FTCA must have 1) sought redress with the appropriate government agency and 2) either have been a) denied redress by that agency or b) waited a period of six months without a final decision from that agency. "Noncompliance with section 2675 deprives a federal court jurisdiction over his or her claim." *Adams v. United States*, 615 F.2d 284, 290 (5th Cir. 1980).[5] The requirement to exhaust administrative remedies before filing an FTCA claim in district court was created to ease the burden on the United States judicial system and the Department of Justice, which must assume the defense of these actions. *See McNeil v.*

---

[5] Fifth Circuit decisions issued prior to its split into the "new" Fifth Circuit and the Eleventh Circuit, on October 1, 1981, are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

*United States*, 508 U.S. 106, 112 (1980).  A decision to hold a premature FTCA claim in abeyance, while the court and the parties await a final administrative adjudication, rather than dismissing the claim outright, would "spur unnecessary litigation and slow down the [judicial] process."  *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir. 1981).

Because this portion of Defendant's motion mounts a fact-based (12)(b)(1) attack (based on lack of subject-matter jurisdiction), as opposed to seeking dismissal under (12)(b)(6) (based on a failure by a party to state a claim), or a facially-based (12)(b)(1) dismissal, this court need not limit its analysis to the pleadings - it may weigh evidence presented by the parties.  *See Lawrence*, 919 F.2d  at 1529.

There are two factual issues raised in the papers:  1) whether Plaintiff filed an administrative claim with the VA; and, if so, 2) whether the claim was filed at least six months prior to filing his complaint in the Circuit Court of Jefferson County.  Addressing the first question, Defendant has provided the Declaration of Sonya Cromwell, who states that Plaintiff did not file an administrative claim.  Plaintiff, on the other hand,  has provided a copy of a receipt from which this court can gather only that the Birmingham VA received a piece of certified mail on January 26, 2012.  Whether this certified mail consisted of an SF 95 sent by Plaintiff or some completely unrelated document, this court can only speculate.  But even assuming that this piece of certified mail was, in fact, Plaintiff's SF 95, the copy of the receipt shows — and it is undisputed — that the VA did not receive it until January 26, 2012, a mere two days *after* Plaintiff filed suit in the Circuit Court of Jefferson County.  Thus, while Plaintiff asserts that he properly filed a claim with the VA prior to filing his suit, but his

own undisputed evidence contradicts that assertion.  He either did not file it at all, or he filed it only two days before his complaint was filed.[6]

The court finds that Plaintiff has not met the requirements of the FTCA, and therefore his claims against the United States must be dismissed for lack of subject-matter jurisdiction.

### B.    Plaintiff's Remaining Claims Against Remaining Defendants are Remanded.

Even assuming that Plaintiff's claims are not due to be remanded based upon 28 U.S.C. §1447(c),[7] as the result of this court's dismissal of Plaintiff's only federal claim at issue, the court must next examine whether it should exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

In determining whether to exercise supplemental jurisdiction over pendent state law claims under § 1367(c), a court should consider the interests of judicial economy, convenience, fairness to the litigants, and comity. *See Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994) (holding that these factors, as provided by the Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), survive the enactment of § 1367). "When the balance of these factors

---

[6] That is, even if Plaintiff had, in fact, filed his administrative claim prior to filing his suit, he must still show that either the VA adjudicated his claim or that he waited six months to file in court.  Plaintiff cannot make such a showing.

[7] Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n. 7 (1988); *see also Arnold v. Tuskegee Univ.*, 2006 WL 3724152, at *6 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."); *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (same).

In the instant case, the court has dismissed Plaintiff's only federal-law claim in the early stages of this litigation. The resolution of Plaintiff's remaining claims depends exclusively on determinations of state law. As the Eleventh Circuit has admonished, "[s]tate courts, not federal courts, should be the final arbiters of state law." *Id.* Considerations of comity favor remand of this action to state court. The court concludes, therefore, that Plaintiff's remaining claims are due to be remanded.

## IV.   CONCLUSION

For the reasons discussed above, this court concludes that Defendant's Motion to Dismiss (Doc. #3) is due to be granted. Plaintiff's remaining claims against Defendants UAB Hospital and University of Alabama Health Services Foundation are due to be remanded to the Circuit Court of Jefferson County, Alabama. An order consistent with this memorandum opinion will be entered separately.

**DONE** and **ORDERED** this ___20th___ day of June, 2012.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE